[No. 1698.]

THE PEOPLE v. STITT.

1. APPELLATE PRACTICE—APPEAL BOND.
On appeal from a judgment in the county court in a case that origi-
nated before a police magistrate, the sufficiency of the appeal bond
filed with the police magistrate cannot be raised in the court of
appeals if it was not questioned in the county court.
2. CITIES AND TOWNS—ORDINANCES—LICENSE.
An ordinance of a town that requires the payment of a license fee by
persons who engage in or carry on the business of expressman,
cabman, drayman or public carrier, is not violated by one who
without a license under a special contract does certain specified
hauling within the town but who does not offer his services to,
nor invite employment from the public. Doing certain specified
work under a special contract is not engaging in or carrying on a busi-
ness within the meaning of the ordinance.

*Appeal from the County Court of Rio Grande County.*

Mr. CHARLES M. CORLETT, for appellant.

Mr. IRA J. BLOOMFIELD, for appellee.

THOMSON, J.

The following is an ordinance of the town of Monte Vista :
" Whoever shall engage in or carry on the business for hire of
expressman or cabman, drayman or public carrier, without first
obtaining a license, and paying therefor the sum of $3.00 per
month, shall upon conviction be fined in a sum not less than
$5.00, nor more than $50.00 ; provided this section shall not
be construed to apply to those who hire a certain individual,
firm or corporation to work for such employer exclusively
by the week, month or year, and do not hold themselves out
to serve the public."

The town, charging the appellee with violating this ordi-
nance, brought this action against him to recover the penalty.

The suit was instituted in the police magistrate's court, and went thence to the county court, where judgment was given for the defendant.

Plaintiff's counsel, in his argument, makes the point that the appeal bond filed with the police magistrate, was for an insufficient amount. The sufficiency of the bond does not appear to have been questioned below, and it is too late to question it here.

The defendant, a farmer, residing temporarily in Monte Vista, under a contract with a Mr. Bushinger, who was about to build a barn, and an addition to his house, hauled the rock, sand and lumber, required in the improvements. The rock and sand were brought from places outside of the town, and the lumber, from the railroad depot, which was within the town. The contract price for the hauling was $21.00 per week, or $3.50 per day. A Mr. Eversole contracted with the defendant to haul a quantity of hay from his ranch outside of the town, into the town, and to unload from the cars, and haul, four carloads of lumber. The hauling of the lumber was to be done within the limits of the town. The defendant performed the contract. What he received for hauling the hay does not appear; but the contract price for unloading and hauling the lumber, was fifty cents per 1,000 feet.

We do not think the defendant was guilty of any violation of the ordinance. That was intended to apply to persons who offered their services to the public, and who were at the command of any citizen who desired to employ them. The defendant did not hold himself out as a carrier for the public; he did not invite employment from the public; and doing certain specified work under a special contract, is not engaging in, or carrying on, a business, within the meaning of the ordinance.

The judgment was right, and must be affirmed.

*Affirmed.*